Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1823 | **DATE** | 2/28/2002 |
| **CASE TITLE** | Joseph Lopez vs. City of Chicago et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The City's motion to stay discovery on Monell Policy Claims and sever such claims for later resolution is denied in part and granted in part. The City's motion to stay discovery on the Monell Policy Claims is granted. The City's motion to sever such claims for later resolution is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 0 1 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 44 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | LG courtroom deputy's initials | 02 FEB 28 PM 4:54 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSEPH LOPEZ, )
)
Plaintiff, )
) No. 01 C 1823
v. )
)
CITY OF CHICAGO, DETECTIVE JAMES ) Judge John W. Darrah
DELAFONT, DETECTIVE JENNIFER DeLUCIA, )
DETECTIVE HECTOR VERGARA, OFFICER )
JOSE GOMEZ, OFFICER DANIEL JACOBS, and )
OFFICER ROBERT MYERS, )
)
Defendant. )

DOCKETED
MAR 0 1 2002

## MEMORANDUM OPINION AND ORDER

Plaintiff, Joseph Lopez ("Lopez"), filed a nine-count complaint against the City of Chicago ("the City") and several detectives and police officers. Counts I, IV, V, and VI are 42 U.S.C. § 1983 claims of excessive force, unlawful detention, police torture, and conspiracy, respectively. Counts II, III, VII, VIII, and IX are state law claims of assault and battery, intentional infliction of emotional distress, civil conspiracy, respondeat superior liability, and indemnification against the City, respectively. Presently before the Court is the City's Motion to Stay Discovery on Monell Policy Claims and Sever[1] Such Claims For Later Resolution.

A reading of the complaint supports the following abbreviated summary of the alleged conduct of the parties.

In July 2000, shortly after a twelve-year old boy, M.D., was shot and killed in Chicago, Lopez was taken into police custody. For the next four days, Lopez was handcuffed to a ring on the wall

---

[1]In their reply brief, Defendants' state that they used the term "sever" in the motion, but the relief sought is actually bifurcation.

44

of a small room were he was interrogated by various police officers who attempted to coerce Lopez to confess to the above murder. Lopez was also subjected to a flawed line-up, excessive force, offensive physical contact, and denied sleep.

Five days after the murder, the Chicago Police charged Lopez with the murder and announced to the press that he had been so charged. That same day, Miguel Figueroa was arrested and confessed to murdering M.D. Subsequently, Lopez was released, and the charges against him were dismissed.

Lopez's Section 1983 claims against the City generally allege that the City failed to train, supervise, control, and discipline its police officers. These claims are commonly referred to as *Monell* policy claims. *See Monell v. Department of Social Serv. of City of New York*, 436 U.S. 658 (1978) (*Monell*); *Medina v. City of Chicago*, 100 F. Supp. 2d 893, 894 (N.D. Ill. 2000) (*Medina*). In conjunction with these claims, Lopez has propounded discovery requests seeking a substantial amount of information. For example, Lopez seeks the identification of every individual who ever complained to the City regarding police officers in the Fourteenth District and/or Area Five and their use of excessive force, unlawful detention, improper interrogation/investigation, and police torture for the past ten years. For each such complaint, he further seeks additional information, *i.e.*, names of complainant, police officers involved, any and all witnesses, substance of the complaint, etc.

The City seeks to bifurcate the *Monell* claims and the claims against the individual officers. The City argues that bifurcation will conserve both the parties' and the Court's time and resources and is proper because Lopez cannot prevail on his *Monell* claims unless he first prevails on the claims against the individual officers.

It is within this Court's "considerable discretion" to order the bifurcation of a trial. *Krocka*

*v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000). Federal Rule of Civil procedure 42(b) permits a separate trial of any issue when such separation would be in the furtherance of the convenience of the parties, or to avoid prejudice, or when separate trials are conducive to expedition and economy. *Berry v. Deloney*, 28 F.3d 604, 610 (7th Cir. 1994) (*Berry*). "Only one of these criteria need be satisfied for a court to order a separate trial." *Berry*, 28 F.3d at 610. This broad discretion has been applied to suits involving *Monell* claims. *See Treece v. Hochstetler*, 213 F.3d 360, 365 (7th Cir. 2000) (affirming District Court's bifurcation of *Monell* claims); *Medina*, 100 F. Supp. 2d at 894; *Jones v. City of Chicago*, 1999 WL 160228 (N.D. Ill. Mar. 10, 1999) (*Jones*).

Bifurcating the *Monell* claims has several advantages. First, in most cases, a disposition of the individual claims will either legally or practically end the litigation. If a plaintiff fails to prove that he suffered a constitutional injury based on the individual police officer's conduct, plaintiff's claim against the individual police officer fails and, as such, so does plaintiff's claim against the municipality. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). Furthermore, if the plaintiff prevails against the individual police officer, he may not want or need to move forward on the *Monell* claims because Illinois law, 745 ILCS 10/9-102, directs the local government to pay tort judgments for compensatory damages for which the local government employee is liable. This statute allows a Section 1983 plaintiff to bring a claim directly against the municipality and obtain a judgment against the municipality to pay the officer if required to pay the plaintiff. *See Wilson v. City of Chicago*, 120 F.3d 681, 684-85 (7th Cir. 1997) (*Wilson*).

Second, bifurcation is generally likely to bring about an earlier disposition of the suit because bifurcation allows a bypass of discovery relating to the *Monell* claims, which can add significant, and possibly unnecessary, time, effort, cost, and complications to the discovery process. *See Medina*,

3

100 F. Supp. 2d at 895; *Jones*, 1999 WL 160228 at * 3.

Third, bifurcation can remove potentially unfair prejudice against the police officers at trial. Without bifurcation, the jury would likely hear evidence against the City of various acts of alleged police misconduct committed by numerous non-party officers to establish a policy or practice. Such evidence can be prejudicial to the individual defendants. *See Medina*, 100 F. Supp. 2d at 895; *Jones*, 1999 WL 160228 at * 3.

Bifurcation of *Monell* claims also can have disadvantages. For example, individual public employees may be able to defeat a plaintiff's claims through the defense of qualified immunity. *See Wilson*, 100 F. Supp. 2d at 896. However, municipalities are not entitled to this defense. *See Owen v. City of Independence*, 445 U.S. 622 (1980). Therefore, if a plaintiff losses his claim against individual public employees based on the defense of qualified immunity, the plaintiff may still go forward with his claims against the municipality. Thus, a second trial is not avoided, and a large part of the second trial is likely to be duplicative of the first trial.

In addition, there is no guarantee that a municipality will concede liability under 745 ILCS 10/9-102 if a verdict is rendered against the individual officers. The municipality may dispute payment, arguing that the police officer was not acting within the scope of his employment – a requirement under the Illinois statute. *See* 745 ILCS 10/9-102; *Wilson*, 120 F.3d at 685. If the municipality does contest 9-102 liability, additional litigation time and costs will be required.

Last, a finding of liability against individual public employees, as compared to a finding of liability against a municipality, may decrease the likelihood of the municipality's acting to prevent future violations when that municipality is, or is not, named in a judgment.

In the instant case, discovery has began and is still proceeding. At this stage of the discovery,

4

it is not possible to determine if the individual police officers will be prejudiced by the introduction of evidence relating to the *Monell* claims. Furthermore, there is no guarantee that two trials or further litigation will not be required because the individual police officers have not offered to waive the defense of qualified immunity and the City has not offered to stipulate to a judgment against the City for any compensatory damages awarded against the individual police officers. *See Treece*, 213 F.3d at 361 (bifurcation allowed after the City agreed to entry of judgment against itself if there was a finding of liability against the individual police officer). In light of these factors, bifurcation is not appropriate at this time.

The City also seeks to stay discovery on the *Monell* claims. Federal Rule of Civil Procedure 26(c) allows the Court to control the sequence and scope of discovery. A review of Lopez's discovery requests relating to the *Monell* claims demonstrates that Lopez seeks a large quantity of information and documentation that may not ultimately be needed. Therefore, discovery on the *Monell* claims will be deferred until after the completion of fact discovery on the claims against the individual police officers. *See Medina*, 100 F. Supp. 2d at 898; *Jones*, 1999 WL 160228 at * 3; *Kunz v. City of Chicago*, 01 C 1753 (N.D. Ill. Oct. 2, 2001) (oral ruling) (collectively deferring discovery on *Monell* claims).

Discovery as to the claims against the individual police officers shall continue. At the time discovery is completed against the individual police officers, the parties and the Court will be able to reassess the case, including the prospects of settlement, the particular municipal policies or customs at issue, and the scope of discovery the *Monell* claims require.

For the reasons state above, the City's Motion to Stay Discovery on Monell Policy Claims and Sever Such Claims For Later Resolution is denied in part and granted in part. The City's Motion

to Stay Discovery on the Monell Policy Claims is granted. The City's Motion to Sever Such Claims For Later Resolution is denied.

Dated: February 28, 2002

JOHN W. DARRAH
United States District Judge