IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH LOPEZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 01 C 1823 |
| | ) | |
| v. | ) | Judge John W. Darrah |
| | ) | Magistrate Geraldine Soat Brown |
| CITY OF CHICAGO, DETECTIVE JAMES DELAFONT, DETECTIVE JENNIFER DeLUCIA, DETECTIVE HECTOR VERGARA, OFFICER JOSE GOMEZ, OFFICER DANIEL JACOBS and OFFICER ROBERT MYERS, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**DOCKETED JUL 31 2002**

**FILED JUL 30 2002**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**NOTICE OF FILING**

To:   Michael Kanovitz
      Loevy & Loevy
      312 North May Street
      Suite 100
      Chicago, Illinois 60607
      Fax No. (312) 243-5902

   PLEASE TAKE NOTICE that on the **30th day of July, 2002**, I caused to be filed with the Clerk of the U.S. District Court, 219 South Dearborn Street, Chicago, Illinois, the attached **DEFENDANTS' RESPONSE TO PLAINTIFF'S FOURTH MOTION TO COMPEL**, a copy of which is attached hereto and herewith served upon you.

_____
Michael W. Tootooian

ANCEL, GLINK, DIAMOND, BUSH, DICIANNI & ROLEK, P.C.
140 South Dearborn Street, Suite 600
Chicago, Illinois  60603
(312) 782-7606
SLM\A:\Notice of Filing.wpd \ 3065562.003

## CERTIFICATE OF SERVICE

I, Kathleen Neumann, a non-attorney, on oath, certify that I caused this Notice of Filing and **DEFENDANTS' RESPONSE TO PLAINTIFF'S FOURTH MOTION** to be mailed to the attorney of record at his respective address, with proper postage prepaid, and depositing the same in the U.S. mail at 140 South Dearborn Street, Chicago, Illinois 60603, and via facsimile transmission at his respective fax number, at or before 5:00 p.m. on July 30, 2002.

[X]  I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Certificate of Service is true and correct.

*Kathleen Neumann* (signature)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH LOPEZ, | ) |
| | ) |
| Plaintiff, | ) Case No. 01 C 1823 |
| | ) |
| v. | ) Judge John W. Darrah |
| | ) Magistrate Geraldine Soat Brown |
| CITY OF CHICAGO, DETECTIVE JAMES | ) |
| DELAFONT, DETECTIVE JENNIFER DeLUCIA, | ) |
| DETECTIVE HECTOR VERGARA, OFFICER | ) |
| JOSE GOMEZ, OFFICER DANIEL JACOBS and | ) |
| OFFICER ROBERT MYERS, | ) |
| | ) |
| Defendants. | ) |

FILED
JUL 3 0 2002
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DOCKETED
JUL 3 1 2002

### DEFENDANTS' RESPONSE TO PLAINTIFF'S "FOURTH" MOTION TO COMPEL

NOW COME the Defendant, CITY OF CHICAGO, DETECTIVE JAMES DELAFONT, DETECTIVE JENNIFER DELUCIA, DETECTIVE HECTOR VERGARA, OFFICER JOSE GOMEZ, OFFICER DANIEL JACOBS and OFFICER ROBERT MYERS, by and through their attorneys Michael W. Tootooian, Darcy L. Proctor, Thomas G. DiCianni and Dina M. Kapernekas and the law firm of ANCEL, GLINK, DIAMOND, BUSH, DICIANNI & ROLEK, P.C., and for their joint Response to Plaintiff's "Fourth" Motion to Compel states as follows:

### I. Background

The subject matter of the Plaintiff's "Fourth" Motion to Compel concerns the Defendants' response/answers to specific interrogatories and production requests that Plaintiff's counsel believes are either not responsive or that an objection made thereto by the Defendants should be overruled. Plaintiff's motion also concerns the interpretation of the Protective Order entered by this Court on



February 28, 2002, as well as what transpired during a hearing on April 2, 2002, regarding the Plaintiff's Second Motion to Compel. The various materials referred to in this response are attached and identified as follows:

1. Plaintiff's First Set of Interrogatories to Defendant Officer Myers, attached as Exhibit A;*

2. Defendant Officer Robert Myers' Answer to Plaintiff's First Set of Interrogatories, attached as Exhibit B;

3. Plaintiff's First Set of Requests for Production to Defendant Officer Myers, attached as Exhibit C;*

4. Defense counsel's letter of July 10, 2002 to Plaintiff's counsel, responding to the various discovery requests set forth in Plaintiff's Second Motion to Compel, along with an attachment entitled Defendants' Responses/Answers to Discovery Requests Set Forth In Plaintiffs' Second Motion to Compel, attached as Exhibit D;

5. Protective Order entered by the Court on February 28, 2002, attached as Exhibit E;

6. Transcript of Proceedings held before the Court on April 2, 2002, regarding Plaintiff's Second Motion to Compel, attached as Exhibit F;

7. Plaintiff's Third Set of Rule 34 Requests to City of Chicago, attached as Exhibit G; and

8. Defendant, City of Chicago's Responses [unverified] to Plaintiff's Third Set of Requests for Production, without attachments, attached as Exhibit H.

## II. Discovery Sought to be Compelled

Out of all the numerous written discovery requests Plaintiff has propounded, the Plaintiff's "Fourth" Motion to Compel is directed to only five (5) discovery items, three of which are new since

---

*The Plaintiff's interrogatories and production requests were directed separately to each of the individual officers. Each set of interrogatories and production requests contain the same interrogatories and production requests for each officer. The interrogatories and production requests directed to Officer Myers are the same as those directed to the other individual officers.

they are directed to the Plaintiff's Third Set of Rule 34 Requests to the City of Chicago (Exhibits G and H), served by fax on June 3, 2002, while the other two deal with matters raised in the "Plaintiff's Second Motion to Compel." They are as follows:

### A. Interrogatory 7 of Plaintiff's First Set of Interrogatories to Defendant Officers.

This interrogatory is set forth in Exhibit A and states as follows:

> 7. State your full name, any other name you have ever been known by (and the dates for which you were known by the name), the date and place of your birth, your social security number, drivers license number, marital status, and every address you have had within the past five years.

The answer to this interrogatory by each of the individual officers was as follows:

> Defendant objects to the portion of the interrogatory seeking disclosure of defendant's place of birth, social security number, driver's license number, marital status, present residential address, and past residential addresses as an unnecessary invasion of privacy, irrelevant and not reasonable calculated to lead to the discovery of admissible evidence. Defendant further objects on privacy grounds and Law Enforcement Privilege because production of this information could substantially impair the safety interest of the defendant.

When these interrogatories (Exhibit A) were propounded to defendants on October 2, 2001 and answered (Exhibit B), a protective order had not been entered by the Court. On February 28, 2002, the Court entered such a Protective Order (Exhibit E). During the hearing before the Court on Plaintiff's Second Motion to Compel on April 2, 2002, the Court was concerned when looking at this particular interrogatory and the Defendants' objection to it what the protective order stated with regards to this. A copy of the Protective Order was not provided to the Court by Plaintiff's counsel, Michael Kanovitz. Even though Mr. Kanovitz was a signatory to the Protective Order, he was unable to inform the Court as to the contents of the protective order on this issue. (See pages 3 through 7 of Transcript of Proceedings held April 2, 2002, attached as Exhibit F.) Defense

-3-

counsel, Michael W. Tootooian, informed the court that the Protective Order allowed the Defendants not to disclose this type of information to Plaintiff's counsel at all. (See pages 5 – 6 of Transcript of proceedings held April 2, 2002, attached as Exhibit F.)

The protective order entered on February 28, 2002 (Exhibit E), allows the Defendants to redact personal information about the officers. (See ¶¶ 6 and 10.) Paragraph 10 specifically states that:

> "Notwithstanding the foregoing provisions, the responding party [the Defendants] shall have the right to redact from all documents produced in discovery any and all references to any individual defendant or non-party police officer's personal and confidential information about himself and his family, including but not limited to social security number, home address and telephone number, the names of his family members, names of his insurance beneficiaries, his date of birth, driver's license number, names and addresses of his non-City employment references and his salary."

The protective order then states that "[w]here a party believes that it is **relevant** as to a police officer who is a party to the case, such information shall be requested in discovery from the police officer who is a party." (Emphasis added.) The Plaintiff has never requested relief from this particular provision of the Protective Order, which grants the Defendants the **right** to redact such information, other than through what is now entitled the "Plaintiff's Fourth Motion to Compel." The Defendants maintain that no relevancy has been shown by Plaintiff's counsel for obtaining such information. The standard used in the protective order to obtain such information is that it must be "relevant," not the broad discovery allowed by the Federal Rules. It is simply not relevant to have such personal information on these six officers. It is clear that Plaintiff's persistent attempt to get this information is done solely for the purpose of **annoying, harassing** and **embarrassing** the Defendants in violation of Rule 26(c) of the Federal Rules of Civil Procedure. Plaintiff's counsel

will no doubt come up with some farfetched scenario "justifying" such a request, which the Court should see as simply nothing more than fishing and disingenuous. The protective order would be meaningless if this type of information cannot be protected, absent a showing of relevancy by Plaintiff's counsel, which has not been demonstrated.

### B. Production Request 10 of Plaintiff's First Set of Requests for Production to Defendant Officer Myers

This production request is set forth in Exhibit C and states as follows:

> 10. Copies of any insurance polices would could or might provide coverage for any of the events of July 19, 2000.

The answer provided by the Defendants is "Not applicable. The City of Chicago is self insured." (See pages 5 and 6 of attachment to Exhibit D entitled "Defendants' Responses/Answers to Discovery Requests Set Forth in Plaintiff's Second Motion to Compel".

Plaintiff's motion misconstrues the production request in issue, and states that it "asks each individual to produce any individual liability policies they may maintain," and further states that the "[d]efendants should respond fully, providing **any** liability policies they may individually maintain." (See pages 2 and 3 of Plaintiff's Fourth Motion to Compel). Clearly, if that was the production request, an objection would have been made that such a request is not relevant, nor is it reasonably calculated to lead to the discovery of admissible evidence. However, a close reading of the production request in issue states "Copies of any insurance policies which **could or might provide coverage for any of the events of July 19, 2000.**" This is an obvious reference to the arrest and detention of Joseph Lopez. All of the individual Defendants are employees of the City of Chicago, and their employment has never been denied with respect to the alleged acts or omissions in question. The answer provided is that the City of Chicago is self insured and, thus, there are no

-5-

insurance policies. This is common knowledge for which this court is even aware. Therefore, Plaintiff's request for such insurance policies is simply not applicable since the City of Chicago is self insured and provides coverage to the individual officers.

What is telling about Plaintiff's motion is that plaintiff's counsel has construed this production request as one requesting "any individual liability policies they may maintain." This characterization shows Plaintiff's counsel's true intent and is yet another example of Plaintiff's propounding discovery and bringing motions to compel for the purpose of **annoying, harassing** and **embarrassing** the Defendants.

In the Defendants' Response to Plaintiff's Second Motion to Compel, a request was made by defense counsel that the Court monitor and supervise any further discovery requests from Plaintiff's counsel. Defense counsel renews the request that the Court monitor and supervise any further discovery requests by Plaintiff's counsel pursuant to Rule 26(b)(2) and (c)(1)-(4).

### C. Production Requests 6, 16, and 17 of Plaintiff's Third Set of Rule 34 Requests to the City of Chicago

The Plaintiff objects to the responses [unverified] by the City to Production Requests 6, 16 and 17 (Exhibit H). These various production requests (Exhibit G) and the Defendants' responses (Exhibit H) are set forth as follows:

> 6. Provide all blueprints, maps, floor plans, seating charts and/or similar documentation showing the "Area 5" in which Mr. Lopez was detained in July of 2000 as well as any other CPD facility where Mr. Lopez was held at any time from July 20, 2000 through July 27, 2000.
>
> **Response**: Objection. A description of the room the plaintiff was placed in was given by the plaintiff as well as the individual officers. The request for this type of detail is clearly burdensome and harassing.

16. Plaintiff hereby requests to inspect and photograph the Interview Room in which Mr. Lopez was held while being detained for the murder of Miguel Delarosa, as well as the rest of Area 5.

**Response**: The defendants object to this request as unduly burdensome and harassing in nature, as well as interfering with the law enforcement activities of the Chicago Police Department.

17. Plaintiff hereby requests to inspect and photograph every cell or room in the Lockup facility where Mr. Lopez was held while being detained for the murder of Miguel Delarosa.

**Response**: The defendants object to this request as unduly burdensome and harassing in nature, as well as interfering with the law enforcement activities of the Chicago Police Department.

Since these production requests are similar in nature, they will be discussed as a group. With respect to production request 6, is it clearly burdensome when it requests **"all** blueprints, maps, floor plans, seating charts and/or similar documentation showing the "Area 5" in which Mr. Lopez was detained" as well as being excessive. Area 5 comprises the building located at 5555 West Grand Avenue. The detective division where the Plaintiff was detained is on the second floor. The lock-up area is on the ground floor. A request for this type of documentation is clearly not warranted by the type of case before the Court, and again is another example of **annoying, harassing** and **burdensome** discovery Plaintiff's counsel wishes to impose upon the City of Chicago and the individual officers. Furthermore, the Defendants testified that there are a number of interview rooms in the Detective Division of Area 5 and it was unknown which interview room Mr. Lopez was detained in, although the interview rooms are similar. Descriptions of the interview room where the Plaintiff was detained were provided by the Plaintiff, two Assistant State's Attorneys and the individual officers.

This harassment continues with production requests 16 and 17, where Plaintiff's counsel now wishes to personally intrude upon the activities of the Chicago Police Department. Plaintiff's counsel not only requests that the interview room where Lopez was being held be photographed, but the **rest** of Area 5, which, as noted above, is a multi-level building located at 5555 West Grand Avenue. A similar request is made with respect to the lock-up facility in interrogatory number 17, which is on the ground floor, and again requests the opportunity to inspect and photograph every cell located there.

When you combine these three production requests, Plaintiff's counsel is requesting an opportunity to photograph the entire Area 5 Headquarters from top to bottom, in addition to blueprints, floor plans, etc. of this building. Not only is it burdensome and harassing to obtain this type of information, but it would clearly interfere with the law enforcement functions of the Chicago Police Department to have Plaintiff's counsel and their investigators around this facility with cameras taking pictures while law enforcement is trying to perform their job, as well as being a security risk and potentially compromising sensitive and ongoing investigations. Here is a prime example of a discovery request clearly out of proportion with the nature of the case before the Court, which involves an individual detained in an interview room for approximately four days. These discovery requests are clearly annoying, oppressive and burdensome discovery requiring this Court to take action to prevent such discovery abuse from continuing.

WHEREFORE, the Defendants, CITY OF CHICAGO, DETECTIVE JAMES DELAFONT, DETECTIVE JENNIFER DELUCIA, DETECTIVE HECTOR VERGARA, OFFICER JOSE GOMEZ, OFFICER DANIEL JACOBS and OFFICER ROBERT MYERS, request the following relief:

1. That Plaintiff's Fourth Motion to Compel be denied;

2. That pursuant to Rule 26(b) and (c) of the Federal Rules of Civil Procedure, that the Plaintiff obtain prior Court approval before propounding any further written or oral discovery upon the Defendants; and/or

3. Any other relief that the Court deems just and appropriate, including the assessment of attorney's fees and other sanctions against Plaintiff's counsel pursuant to Rule 37.

Respectfully submitted,

By: _____
Michael W. Tootooian

Michael W. Tootooian
ANCEL, GLINK, DIAMOND, BUSH, DiCIANNI & ROLEK, P.C.
140 South Dearborn Street, Suite 600
Chicago, Illinois 60603
(312) 782-7606

A:\Response to 4th Motion to Compel.wpd \ 3065562.003

See Case File For Exhibits