# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1823 | **DATE** | 10/24/2002 |
| **CASE TITLE** | JOSEPH LOPEZ vs. CITY OF CHICAGO | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held and continued to December 3, 2002 at 9:00 a.m. Enter Memorandum Opinion And Order. Vladic's motion for leave to file amended complaint stating class action allegations is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 2 5 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | 68 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOSEPH LOPEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 01 C 1823 |
| v. ) | |
| ) | |
| CITY OF CHICAGO, DETECTIVE JAMES ) | Judge John W. Darrah |
| DELAFONT, DETECTIVE JENNIFER DeLUCIA, ) | |
| DETECTIVE HECTOR VERGARA, OFFICER ) | |
| JOSE GOMEZ, OFFICER DANIEL JACOBS, and ) | |
| OFFICER ROBERT MYERS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Joseph Lopez ("Lopez"), filed a nine-count complaint against the City of Chicago ("the City") and several detectives and police officers. Counts I, IV, V, and VI are 42 U.S.C. § 1983 claims of excessive force, unlawful detention, police torture, and conspiracy, respectively. Counts II, III, VII, VIII, and IX are state law claims of assault and battery, intentional infliction of emotional distress, civil conspiracy, *respondeat superior* liability, and indemnification against the City, respectively. Presently before the Court is Plaintiff's Motion for Leave to File Amended Complaint Stating Class Action Allegations.

Plaintiff seeks to amend his complaint to add class action allegations in light of recently discovered information, through depositions, that the Chicago Police Department detained Plaintiff, and others, pursuant to a longstanding policy called the "hold past court call policy". The proposed amended complaint challenges the Chicago Police Department's hold past court call policy under both the Fourth and Fourteenth Amendment of the United States Constitution. Plaintiff seeks to

amend the complaint on behalf of himself and the following putative class:

> All persons arrested by the Chicago Police Department without an arrest warrant and who were detained in excess of 48 hours pending approval of felony charges by the State's Attorney at any time from March 15, 1999 to the present day.

Federal Rule of Civil Procedure 15(a) provides that where an answer to a complaint has been filed, "a party may amend the party's pleading only by leave of court ... and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). A motion for leave to amend a complaint may be denied "when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile." *Bethany Pharmacal, Inc. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001).

The City objects to the filing of the amended complaint on several grounds. First, the City argues that the amendment would be futile because he lacks standing to represent the putative class.

"To have standing to sue as a class representative it is essential that a plaintiff must be a part of that class, that is, he must possess the same interest and suffer the same injury shared by all members of the class he represents." *Keele v. Wexler*, 149 F.3d 589, 592-93 (7th Cir. 1998), *quoting Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208 216 (1974).

Here, Vladic alleges that the Defendants violated his Fourth and Fourteenth Amendment rights by subjecting him to the hold past court call policy. This same hold past court call policy is the basis of the putative class members' causes of action for violations of the Fourth and Fourteenth Amendments. Accordingly, Vladic has standing to sue as a class member.

Defendants also argue that the amendment would be futile because some of the class members' causes of action, as defined by Vladic, would be time barred. The basis of Defendants'

argument is that class actions do not relate back to the filing of the original complaint. Therefore, Vladic's claims could not relate back to March 15, 1999; but the class allegations could only date back to August 28, 2000, two years before the filing of the proposed second amended complaint.

The "relation back" doctrine found in Federal Rule of Civil Procedure 15(c) is liberally applied. *See Olech v. Village of Willowbrook*, 138 F. Supp. 2d 1036, 1041 (N.D. Ill. 2000) (*Olech*). The relation back doctrine and Rule 15(c) are "intimately connected" with the policy underlying the statute of limitations. *Olech*, 138 F. Supp. 2d at 1041, *quoting Paulk v. Department of Air Force*, 830 F.2d 79, 82 (7th Cir. 1987). Under this doctrine, an amended complaint is deemed to be filed on the date the original complaint was filed for purposes of tolling the statute of limitations. *See Moore v. Allstate Ins. Co.*, 928 F. Supp. 744, 752 (N. D. Ill. 1996).

In this district, courts have applied a four-factor inquiry when determining whether additional claims by new plaintiffs relate back. *Olech*, 138 F. Supp. 2d at 1045; *Hawkins v. Groot Indust., Inc.*, __ F.R.D. __, __ (2002 WL 31064313) (N.D. Ill. Aug. 7, 2002); *see also Paskuly v. Marshall Field & Co*, 494 F. Supp. 687, 688-89 (N.D. Ill. 1980), *aff'd*, 646 F.2d 1210 (7th Cir. 1981). These factors include whether or not: (1) the new plaintiff's claim arose out of the 'same conduct, transaction or occurrence' as set forth in the original complaint; (2) the new plaintiff shares an 'identity of interest' with the original plaintiff; (3) the defendants have 'fair notice' of the new plaintiff's claim; and (4) the addition of a new plaintiff will not cause the defendants prejudice. *Olech*, 138 F. Supp. 2d at 1044-45.

As stated above, the "hold past court call policy" that forms the basis of Vladic's original complaint is also the basis of the putative class members' causes of action. Accordingly, the new plaintiffs' claims arose out of the same conduct or occurrence as set forth in the original complaint.

A new plaintiff shares an identity of interest when there is a relationship so close that a court can conclude that a defendant had notice of a new party's potential claims and, therefore, would not suffer any prejudice by adding the party. *See Olech*, 138 F. Supp. 2d at 1045. In the present case, the basis of the claims is the City of Chicago's *policy* of using the hold past court call policy in violation of the individuals' Constitutional rights. The identity of the new plaintiffs would include those identical to Vladic, *i.e.*, a person arrested by the Chicago Police Department without an arrest warrant who were detained in excess of over forty-eight hours pending the approval of felony charges. Furthermore, the original complaint alleged that the Defendants' conduct was not exclusive to Vladic. Instead, Vladic alleged that he was illegally detained "as a matter of widespread practice" and such occurred "on a frequent basis". Furthermore, the Chicago Police Department failed to try to remedy "the patterns of abuse ... despite actual knowledge of the same". Thus, for purposes of this factor, Vladic satisfies the "identity of interest" test.

An amended complaint does not relate back unless the original complaint provided the defendant with fair and timely notice that it might have to defend a claim brought by a new plaintiff. *See Olech*, 138 F. Supp. 2d at 1045. Fair and timely notice is generally found if : (1) the new plaintiff's cause of action arose from the same conduct, transaction or occurrence; (2) if the amended complaint does not alter the known facts and issues as found in the original complaint; and (3) the new claims are based on the same legal theories and facts as set forth in the original complaint. *See Olech*, 138 F. Supp. 2d at 1045-46.

As explained above, the new claims arise from the same conduct or occurrence as pled in the original complaint. In addition, the new claims would not alter the known facts or issues found in the original complaint. Furthermore, the new claims are clearly based on the same legal theories and

4

facts as set forth in the original complaint. Under these circumstances, the Defendants had fair notice of the new claims. *See Doe v. Calumet City*, 128 F.R.D. 93, 94-95 (N.D. Ill. 1989) (allegations of the existence of a policy and the municipality's failure to take action to prevent similar misconduct in the original complaint sufficient to put defendant on notice that there were other possible plaintiffs).

A defendant may be subject to undue prejudice if relevant evidence has been compromised or lost due to the passage of time or where the new claims would not afford the defendant adequate time for discovery. *See Olech*, 138 F. Supp. 2d at 1046. Defendants argue that they would be unduly prejudiced by the addition of a class claim because it would cause undue delay in the final disposition of the case, greatly extend discovery, and be burdensome and expensive. Defendants do not specify what additional discovery would be required; instead, they argue that the additional parties would "exponentially increase the amount of discovery required".

Discovery is still open in the instant case. In addition, discovery for Vladic's *Monell* claims has been stayed and has, therefore, not yet began. The discovery as to the *Monell* claims is similar, if not identical, to the discovery that will be needed for the issue of class certification. Accordingly, discovery may not be greatly extended by the addition of the class allegations, and the burden and expense on the Defendant is not so great to constitute undue prejudice. Furthermore, a trial date has not been set. While the additional class allegation will likely increase some of the needed discovery and may add some time for final disposition of the case, such is the case with most any amendment to a pleading in which a claim is being added. *See Commercial Life Ins. Co. v. Lone Star Life Ins. Co.*, 1989 WL 64715 (N.D. Ill. 1989) (increased liability an unavoidable result when amendments are granted); *Serfecz v. Jewel Food Stores, Inc.*, 1997 WL 543116 (N.D. Ill. 1997) (increased

5

exposure to potential liability does not constitute undue prejudice).

Lastly, Defendants argue that Vladic has failed to plead numerosity.

Rule 23(a)(1) requires that the class be so numerous that joinder of all the members is impracticable. Fed. R. Civ. P. 23(a)(1). Plaintiff need not demonstrate the exact number of class members so long as a conclusion is apparent from good faith estimates ( *Peterson v. H & R Block Tax Servs.*, 174 F.R.D. 78, 81 (N.D. Ill. 1997)); and the court is entitled to make "common sense assumptions" in order to support a finding of numerosity (*Grossman v. Waste Management, Inc.*, 100 F.R.D. 781, 785 (N.D. Ill. 1984)). Generally, a class of forty is considered sufficient to satisfy the numerosity requirement. *See Steinbrecher v. Oswego Police Officer Dickey*, 138 F. Supp. 2d 1103, 1106 (N. D. Ill. 2001).

In the Second Amended Complaint, Vladic alleges, based on Defendants' own witness testimony, that the hold past court call policy is applied to felony arrestees "routinely and often" and that over 200,000 total arrests take place in Chicago each year. Most of these arrests result in a detention in excess of forty-eight hours, and such detainees are held without sleeping facilities while in police custody. Based on these allegations, common sense would dictate that Vladic has sufficiently pled numerosity. While the 200,000 arrests include both felony and misdemeanor arrests and all of the arrests do not include a detention for over 40 hours, a common sense assumption can be made that at least 40 of the 200,000 arrests include a felony arrest where the individual was detained for over 48 hours.

For the reasons stated above, Vladic's Motion for Leave to File Amended Complaint Stating Class Action Allegations is granted.

Dated: October 24, 2002

JOHN W. DARRAH
United States District Judge