| Minute Order Form (06/97) | | | | |
|---|---|---|---|---|
| United States District Court, Northern District of Illinois | | | | |
| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | | |
| CASE NUMBER | 01 C 1823 | DATE | 3/31/2004 | |
| CASE TITLE | Joseph Lopez vs. City of Chicago | | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion, the Court hereby grants the defendants' motion for summary judgment and denies the plaintiff's motion to strike. All pending dates and motions are hereby stricken as moot. Terminating case. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 31 2004 | |
| | Notified counsel by telephone. | | date docketed | 131 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 2004 MAR 31 PM 3:27 | date mailed notice | |
| MW | courtroom deputy's initials | Date/time received in Central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSEPH LOPEZ, )
)
Plaintiff, )
)
v. ) No. 01 C 1823
)
CITY OF CHICAGO, et al., )
)
Defendants. )

DOCKETED
MAR 3 1 2004

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants Robert Meyers' ("Meyers") and Jose Gomez's ("Gomez") joint motion for summary judgment and on Plaintiff's motion to strike portions of the officers' 56.1 statement of facts. For the reasons stated below we grant the motion for summary judgment and deny the motion the strike.

## BACKGROUND

On July 19, 2000 near 2820 West Cortland in Chicago, Illinois, an occupant of a gold colored vehicle fired shots intended for the occupants of a beige colored van. The shooter missed his target and a twelve year old girl was shot and killed.

1

131

Witnesses described the shooter as a male Hispanic. Defendants Myers and Gomez are partners on the Chicago police force. The officers learned of the shooting and learned from another officer that the shooting might have involved the Latin Kings and YLO Cobras gangs. Gomez learned from another source that it was the Cobras shooting at the Latin Kings. Myers and Gomez received a tip that a girl named BeBe was a witness at the shooting. The officers spoke to BeBe and she indicated that a YLO Cobra with the nickname of JoJo had done the shooting. Myers claims that he knew that Plaintiff Joseph Lopez ("Lopez") was nicknamed JoJo. Myers claims that at a previous meeting on the street that Lopez admitted that he belonged to the Cobras and that his nickname was JoJo. On July 20, 2000 the officers brought BeBe into the police station and she gave a description of JoJo as 5'8" to 5"9' tall and approximately 150 pounds. She also indicated that he was thin and medium to light skinned. Myers claims that the physical description of JoJo matched his recollection of the person he knew as Joseph Lopez. BeBe was later brought to the station and interviewed by Detective Delucia. BeBe successfully picked Lopez out of a photo lineup. Lopez was arrested the day after the shooting. In the squad car on the way to the police station Gomez admits to punching Lopez. Lopez has brought a nine count complaint based upon 42 U.S.C. § 1983 ("Section 1983") and state law actions. Gomez and Myers have moved for summary judgment on Counts V, VI, and VII of Lopez's second amended complaint and Meyers has moved for summary judgment on Count III of the second amended complaint.

2

## LEGAL STANDARD

Summary judgment is appropriate when the record reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case."*Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations or denials in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that

favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

I. Unlawful Detention Claim

If defendant officers can show probable cause it is an absolute bar to a Section 1983 claim. *Kelley v. Myler*, 149 F.3d 641, 646 (7th Cir. 1998). In determining whether officers had probable cause the court must consider the facts and circumstances known to the officers at the time of the arrest. *Beauchamp v. City of Nobelsville*, 320 F.3d 733, 743 (7th Cir. 2003). In this case there is overwhelming evidence that the defendant officers had probable cause. The officers had information that the shooting was done by the Cobras. They had a description of the shooter as a Hispanic male. They had spoken to BeBe and she told them that JoJo was the shooter and gave a description that matched Lopez's description. Myers knew from previous encounters with Lopez what he looked like and he knew that Lopez was a Cobra and went by the nickname JoJo. BeBe picked Lopez out of a photo lineup at the police station. It is undeniably clear that Gomez and Lopez had probable cause. There is no evidence at all that Myers and Gomez were responsible for the extended detention of Lopez once he was at the station. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)(stating that a defendant must have personal involvement in the alleged wrongful conduct or turn a blind eye to be held

4

liable under Section 1983). Therefore we grant summary judgment on the Section 1983 unlawful detention claim.

## II. Alleged Police Torture

Lopez claims that he was shackled to the wall at the police station in order to coerce him into confessing to the shooting. There is absolutely no evidence in this case that Myers or Gomez had any responsibility for or control over the manner in which Lopez was detained during his detention. Therefore we grant Gomez' and Myers' motion for summary judgment on Count VII.

## III. Excessive Force Claim

Myers moves for summary judgment on Count III. For a Section 1983 claim based on an officer's failure to intervene to prevent excessive force a plaintiff must show that the officer failing to intervene had reason to know that excessive force was being used and had a reasonable opportunity to step in and prevent the excessive force. *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). In this case the facts show that the punch by Gomez was sudden and there was only one punch. There is no evidence for a reasonable trier of fact to conclude that Myers had an opportunity to preempt the punch. Therefore, we grant Myers' motion for summary judgment on Count III.

## IV. Intentional Infliction of Emotional Distress Claim

Lopez also brings an IIED claim. To establish an IIED claim under Illinois law a plaintiff must show that: "(1) the defendant's conduct was extreme and outrageous; (2) the defendant either intended that his conduct should inflict severe emotional distress, or knew that there was a high probability that his conduct would cause severe emotional distress; [and] (3) the defendant's conduct in fact caused severe emotional distress." *Dunn v. City of Elgin*, 347 F.3d 641, (7th Cir. 2003)(quoting *Doe v. Calumet City* 641 N.E.2d 498, 506 (Ill. 1994)). In this case Lopez has not provided sufficient evidence for a reasonable trier of fact to conclude that Defendants' conduct was extreme and outrageous or that Defendants intended their conduct to cause him severe distress or knew that their conduct would do so. One punch by Gomez is insufficient to support an IIED claim. Therefore, we grant summary judgment on the IIED claim (Count V).

## V. Motion to Strike

Lopez has moved to strike portions of Defendants' 56.1 statement of facts. Lopez's motion is entirely without merit and it serves only to allow Lopez a basis to deny many of the facts alleged by Defendants in their 56.1 statement. Lopez denies facts in Defendants' statement of facts because they are moot and irrelevant and then Lopez advances those same facts in his 56.1 statement of additional facts. For example, Lopez allegations in his complaint seek relief based upon the alleged

conduct of Gomez. Now, however, Lopez requests this court strike to ¶ 96 of Defendants Rule 56.1 statement stating that "Gomez punched Plaintiff". Plaintiffs' evidentiary objections to Defendants' 56.1 statement of facts are without merit. Therefore we deny the motion to strike.

## CONCLUSION

Based on the foregoing analysis, we grant the Defendants' motion for summary judgment and deny the motion to strike.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: March 31, 2004